542 So.2d 1312 (1989)
Willie James HARRIS
v.
STATE.
5 Div. 395.
Court of Criminal Appeals of Alabama.
January 27, 1989.
Rehearing Denied March 17, 1989.
Certiorari Denied April 28, 1989
Greg Ward, Lanett, for appellant.
Don Siegelman, Atty. Gen., and Gilda B. Williams, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 88-742.
BOWEN, Judge.
Willie James Harris was convicted of manslaughter and sentenced to 10 years' imprisonment. Two issues are raised on this appeal from that conviction.

I
Harris was indicted for felony-murder, for causing the death of Herman Norris while committing or attempting to commit burglary in the first degree. Alabama Code 1975, § 13A-6-2(a)(3). The trial judge instructed the jury on the elements of felony-murder and manslaughter. The judge refused defense counsel's request to charge the jury on criminally negligent homicide as a lesser included offense. The judge stated, "The defendant shouldn't be *1313 allowed to say, oh, I was just negligent, and it was an accident and at the same time say I was acting in self-defense. A person can't negligently act in self-defense."
The State's evidence tended to show that, during the nighttime and armed with a pistol, Harris gained unauthorized entry into the residence of his former girlfriend. The girlfriend's new boyfriend found Harris standing in the girlfriend's bedroom while the female was sleeping. The boyfriend attacked Harris with a rake handle. Harris shot the man in the head with the pistol.
We agree with the trial judge. "It is undisputed that the defendant intentionally fired his pistol either at or in the direction of another human being. His conduct excludes the possibility of negligent or inadvertent risk creation. There was simply no rational basis for a verdict of criminally negligent homicide." Lawson v. State, 476 So.2d 116, 119 (Ala.Cr.App.), cert. quashed, Ex parte Lawson, 476 So.2d 122 (Ala.1985). See also Ball v. State, 489 So.2d 675, 679 (Ala.Cr.App.1986).

II
Harris contends that the trial judge erred in ordering him to pay $10,000 in restitution to Bobbie Jean Norris.
Herman Norris was 19 years old at the time of his death. Since the age of 7, he had been raised by his aunt and legal guardian, Ms. Norris.
At the restitution hearing, Ms. Norris testified and produced copies of bills totaling $9103.65 for medical treatment and services to the deceased. Ms. Norris testified that she had paid $3930 on this amount. Ms. Norris stated that, in addition to the above amounts, an insurance company paid funeral expenses of $2843, that she paid $299 for a headstone for the deceased's grave, and that she paid $7 for a death certificate for the insurance company. The fact that the insurance company actually paid the expenses does not prevent the trial judge from awarding restitution in that same amount. Varner v. State, 497 So.2d 1135, 1139 (Ala.Cr.App.1986). See also § 15-18-75.
Ms. Norris also testified that, on the night the deceased was admitted to the hospital, she "fell out or something" and incurred medical treatment for herself in the amount of $64.20; that she had incurred expenses in the amount of $400 for professional counseling, and $66 for her "nerves." Ms. Norris testified that she had been unable to return to work since her nephew's death.
We reject Harris's initial argument that Ms. Norris was not entitled to restitution because she was not a "victim" of his crime. For purposes of restitution, a "victim" is specifically defined to include "[a]ny person whom [sic] the court determines has suffered a direct or indirect pecuniary damage as a result of the defendant's criminal activities." Alabama Code 1975, § 15-18-66(4). Clearly, Ms. Norris qualified as a "victim." She was the deceased's "guardian aunt." She had raised the deceased since he was 7 years old, when his mother died. The deceased had lived with Ms. Norris since that time. In the "victim's impact report," Ms. Norris refers to the deceased as "my son." In Welcher v. State, 504 So.2d 360, 365 (Ala. Cr.App.1987), this Court found "without merit" the contention that the mother of the victim of a homicide was not a "victim" for purposes of restitution. In Strough v. State, 501 So.2d 488, 491 (Ala.Cr.App.1986), this Court found that the uncle and guardian of the victim in a prosecution for sexual abuse was a "victim" under the Restitution to Victims of Crime Act.
Harris also argues that the medical bills were improperly proven because they were not certified. The trial judge ruled that "none of these records are subject to objection on those traditional jury case type objections":
"And I am holding that none of the ordinary rules of evidence which in their inception were intended to avoid presentation of independable evidence to a jury have any connection with the present type of proceeding. The present type of proceeding is not intendedwas not intended *1314 by the legislature to become a full blown civil suit but rather a summary proceeding based on reasonable evidence presented to the Court. The Court's to use its absolute discretion in hearing and determining and making a reasonable determination."
A defendant is "entitled to a hearing, at which legal evidence [is] introduced, in order to determine the precise amount of restitution due the victim ..." Henry v. State, 468 So.2d 896, 901 (Ala.Cr.App.1984), cert. denied, Ex parte Henry, 468 So.2d 902 (Ala.1985). In Henry, this Court held: "Although the victim need not produce the actual sales receipts for the property stolen, there should be some evidence as to how the value was determined." 468 So.2d at 902.
The provisions of the Alabama Code concerning restitution to victims of crime, Alabama Code 1975, § 15-18-65 through § 15-18-77, and the rules of our Supreme Court, Rule 10, Temp.A.R.Cr.P., do not specifically define the burden of proof applicable to, and the type of evidence which can be considered at, a restitution hearing. Therefore, it is our determination that, at least in this regard, a restitution hearing shall be governed by the same rules as a sentencing hearing. "[O]ur legislature, ... did not intend to make restitution a civil action. Restitution is not subject to the requirements of a civil adjudication ..." Rice v. State, 491 So.2d 1049, 1053 (Ala.Cr. App.1986). Rule 6(b)(2), Temp.A.R.Cr.P., provides:
"Disputed facts shall be determined by the preponderance of evidence. Evidence may be presented by both the state and the defendant as to any matter that the court deems probative on the issue of sentence.... Any evidence that the court deems to have probative value may be received, regardless of its admissibility under the rules of evidence."
Therefore, we find that the uncertified copies of medical bills and expenses were properly admitted into evidence at the restitution hearing and properly considered by the sentencing judge.
Harris also claims that Ms. Norris was not entitled to restitution for the amount she paid for professional counseling. Damages for mental suffering are recognized as a valid and legitimate form of compensatory damages. Taylor v. Baptist Medical Center, Inc., 400 So.2d 369, 374 (Ala.1981). We need not decide this issue because the trial judge only ordered restitution in the amount of $10,000, because he did not state which specific damages the restitution was in compensation for, and because the deceased's medical and burial expenses totaled $11,987.74. But see Strough v. State, 501 So.2d 488, 492 (Ala.Cr.App.1986). Additionally, there is evidence in the record that Ms. Norris lost more than $3477 in lost wages. Medical expenses, burial expenses, and lost wages are proper compensatory damages to be awarded as restitution. Kyser v. State, 513 So.2d 68, 73 (Ala.Cr.App.1987); Strough, supra.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.