Walter Hagler, Jr., was adjudicated a youthful offender on a charge of assault in the third degree. He was given a suspended sentence of six months' imprisonment and was ordered to pay restitution in the amount of $5,467.75.
On appeal, the appellant argues 1) that the trial court's order of restitution did not contain the trial court's "findings and the underlying facts and circumstances thereof," as *Page 1191 
required by Ala. Code 1975, § 15-18-69; 2) that the trial court improperly concluded that the Wal-Mart Group Health Plan was a "victim" of the appellant's "wrongful" conduct; 3) that the trial court could not have determined the reasonableness of the claimed expenses from the evidence presented; and 4) that the order of restitution does not compensate the victim for damages sustained only as a result of the appellant's "wrongful" conduct.
Although no specific form of objection is required,Childers v. State, 607 So.2d 350, 353 (Ala.Cr.App. 1992), the record contains no objection to the order of restitution. Therefore, nothing has been preserved for appellate review.Eddins v. State, 501 So.2d 574, 578 (Ala.Cr.App. 1986).
Moreover, even had the issue been preserved for review, we find claims 2), 3), and 4) to be without substantive merit.
Regarding claim 2) the trial court ordered the appellant to pay restitution "to the victim's mother in the amount of $1,280.00, and to the Wal-Mart Group Health Plan in the amount of $4187.75." C.R. 18. The trial court properly concluded that the Wal-Mart Group Health Plan was a "victim" of the appellant's "wrongful conduct."
At the restitution hearing, the victim's mother testified that "as a result of [her] son suffering these injuries in this incident," she had incurred medical and hospital bills, of which her "insurance paid off 80%," and that her insurance company was the "Wal-Mart Good Health Plan." R. 47, 48, 53.
We hold that an insurance company that contributes to the payment of medical or hospital expenses incurred by the victim as a result of a defendant's wrongful conduct may be a "victim" within the context of the statutory provisions for restitution in Alabama. A "victim" is statutorily defined as "[a]ny person whom the court determines has suffered a direct or indirect pecuniary damage as a result of the defendant's criminal activities." Ala. Code 1975, § 15-18-66(4). SeeColvette v. State, 568 So.2d 319, 321 (Ala.Cr.App. 1990) (issue not raised, but restitution awarded to insurance company);Briggs v. State, 549 So.2d 155, 160-61 (Ala.Cr.App. 1989) (argument that State failed to prove the damages suffered by insurance company not preserved for review); Duncan v. State,456 So.2d 359, 361 (Ala.Cr.App. 1983) ("[t]he subrogation rights of the insurers or the question as to whether or not the insurers should have been included in the restitution order are not properly before this court"), affirmed, 456 So.2d 362
(Ala. 1984). "We have construed 'victim' to encompass persons who were not necessarily the primary object of the defendant's criminal conduct" Butler v. State, 608 So.2d 773, 775
(Ala.Cr.App. 1992).
With regard to claim 3), the victim's mother testified as to the medical expenses she had incurred on behalf of her son. The actual medical and hospital bills were not introduced into evidence, although it appears that they were available at the restitution hearing. We conclude that the mother's testimony alone, without the introduction of the actual medical and hospital bills, provided a sufficient basis for the trial court to determine the reasonableness of the claimed expenses. Cf. Harris v. State, 542 So.2d 1312, 1314
(Ala.Cr.App. 1989) ("we find that the uncertified copies of medical bills and expenses were properly admitted into evidence at the restitution hearing and properly considered by the sentencing judge").
At the appellant's trial, there was disputed evidence as to who was the initial aggressor in this case. This conflicting evidence presented a question of credibility for the trial judge as the trier of fact. Here, the findings of the trial judge are not "manifestly contrary to the great weight of the evidence." See Morrison v. State, 601 So.2d 165, 174
(Ala.Cr.App. 1992). At a restitution hearing, the trial judge need be convinced only by a preponderance of evidence. Harris, 542 So.2d at 1314.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 1192