The appellant, Carl Eugene Gladden, was convicted of vehicular homicide. He was sentenced to five years in prison and was ordered to pay $1,000,000 in restitution to the victim's family.
The only issue the appellant raises on appeal is whether the trial court erred in setting the amount of restitution at $1,000,000. The state initially argues that this issue was not preserved for appeal because no objection was made at sentencing. The court, however, did not fix the amount of restitution at sentencing. At the sentencing hearing, defense counsel stated, "At this time Your Honor, we have nothing further to say, pending the assessment of restitution. It depends on what moneys are going to be assessed by the Court." After the amount of restitution was set by the court, defense counsel raised this issue in his motion to reconsider. This is sufficient to preserve this issue for appeal. Ex parteClare, 456 So.2d 357 (Ala. 1984).
The right of crime victims to receive restitution is specially set forth in § 15-18-65 et seq., Code of Alabama 1975. Section 15-18-65 states, in pertinent part:
 "[A]ll perpetrators of criminal activity or conduct [shall] be required to fully compensate all victims of such conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof."
Pecuniary loss is defined in § 15-18-66 as:
 "All special damages which a person shall recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities; the term shall include, but not be limited to the money or other equivalent of property taken, broken, destroyed, or otherwise used or harmed and losses such as travel, medical, dental or burial expenses and wages including but not limited to wages lost as a result of court appearances." (Emphasis added.)
"It is clear to us from this new enactment that it is the intent of the legislature that victims be fully compensated through restitution." Clare, 456 So.2d at 358. See also Strough v. State, 501 So.2d 488 (Ala.Cr.App. 1986). The restitution statute set forth above provides that a victim of a criminal act can recover medical, travel, dental, and burial expenses and can be compensated for lost wages.Harris v. State, 542 So.2d 1312 (Ala.Cr.App. 1989).
However, the statute does not provide that a victim may recover for pain and suffering, although traditionally pain and suffering are considered within compensatory damages. To receive punitive damages, the victim's family would have to file a civil action for wrongful death. Section § 15-18-75
states, in pertinent part:
 "Nothing in this article limits or impairs the right of a person injured by a defendant's criminal activities to sue or recover damages from the defendant in a civil action."
In this case, there is at least some evidence to support a restitution award of $637,417. This included evidence of lost wages, hospital bills, burial expenses, and loss of the victim's property — the vehicle he was driving when he was hit by the appellant's vehicle. There is no evidence in the record to support the balance of restitution ordered by the court.
This cause is remanded to the Circuit Court for Lauderdale County so that that court can recalculate the restitution. If the court finds its calculations to be in error it should hold a hearing to clarify the restitution amount so that this court can find a factual basis for its award of restitution. Due return should be filed in this court within 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur. *Page 1269