The appellant, Rex Allen Franks, was convicted of assault in the third degree, a violation of § 13A-6-22, Code of Alabama 1975. He was sentenced to 12 months in prison and was ordered to pay restitution to the victim in the amount of $100,000.
The appellant contends that the method of assessing restitution constituted reversible error, because, he says, the court, in determining the amount of restitution, took into consideration the element of pain and suffering. During the sentencing hearing the following occurred:
 "The Court: Now of course you know, Mr. Mitchell [defense counsel], I have already indicated to you in chambers that it's my intention to award compensation, or restitution, rather, for pain and suffering suffered *Page 1278 by Ms. Bailey, based upon what I heard and saw during the trial of this case.
 "Is there anything you wish to present with regard to that issue, or with regard to these other issues of restitution that the State's just presented to me?
 "Mr. Mitchell (defense counsel): I would object to any restitution for pain and suffering on the grounds that that would be punitive and not compensatory, and that I don't believe it's provided for under the Rules of Criminal Procedure as a proper element of restitution.
 "The Court: All right. Well, I disagree with you. I have read § 15-18-68, I believe it is, of the Code of Alabama. And it takes into account the harm that was done to the victim in this case."
(Emphasis added.)
The injury or loss for which a crime victim can be compensated is specifically set out in § 15-18-65, Code of Alabama 1975. This section states, in pertinent part:
 "[A]ll perpetrators of criminal activity or conduct [shall] be required to fully compensate all victims of such conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof."
Pecuniary loss is defined in § 15-18-66 as follows:
 "All special damages which a person shall recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities; the term shall include, but not be limited to the money or other equivalent of property taken, broken, destroyed, or otherwise used or harmed and losses such as travel, medical, dental or burial expenses and wages including but not limited to wages lost as a result of court appearances."
(Emphasis added.)
This court recently addressed this issue in Gladden v.State, 644 So.2d 1267 (Ala.Cr.App. 1993). InGladden, we stated:
 "The restitution statute set forth above provides that a victim of a criminal act can recover medical, travel, dental, and burial expenses and can be compensated for lost wages. Harris v. State, 542 So.2d 1312 (Ala.Cr.App. 1989).
 "However, the statute does not provide that a victim may recover any amount for pain and suffering as this is in the nature of a punitive reward. [Ex parte] Clare, [456 So.2d 357 (Ala. 1984)] supra."
644 So.2d at 1268.
According to § 15-18-65, the court in a criminal action may not award a crime victim damages for pain and suffering inflicted by the defendant. However, this does not mean that the victim may not bring a civil action to recover such damages. § 15-18-75, Code of Alabama 1975.
In this case, there was evidence presented at the sentencing hearing that the victim's medical bills amounted to $9,353, that her lost wages amounted to approximately $1,000, and that she lost property valued at $192 as a result of the assault. Any award in excess of the sum of these amounts ($10,545) was intended to compensate the victim for her pain and suffering and was therefore unlawful.
This cause is remanded to the Circuit Court for Lauderdale County. The court is directed to reassess the amount of restitution to exclude any amount awarded for pain and suffering. The victim may be compensated only for her medical expenses, lost wages, and the destruction of her property. Due return should be filed in this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur. *Page 1279