On September 4, 1992, the appellant, Doies Lee Alford, Jr., was indicted for the offense of assault in the second degree. The indictment reads, in pertinent part, as follows:
 "The Grand Jury of said County charges that . . . Doies Lee Alford, Jr. . . . did with intent to cause physical injury to another person, cause physical injury to Annette Ledbetter, by means of a deadly weapon or a dangerous instrument, to-wit: 2["] x 4["] board, in violation of Title 13A, § 13A-6-21, Code of Alabama 1975. . . ."
The appellant first entered a plea of not guilty to the charge, but on August 9, 1993, withdrew his not guilty plea and, pursuant to a plea agreement, entered a plea of guilty. Before accepting the guilty plea, the trial court received into evidence a copy of the plea agreement signed by the appellant, defense counsel, and the prosecutor; a document signed by the appellant expressing satisfaction with the performance of his counsel; and a document titled "Explanation of Rights and Plea of Guilty" signed by the appellant, the trial court, and defense counsel. The record contains a lengthy colloquy between the appellant and the trial court in which the trial court undertook to advise the appellant of the nature of the charge, his constitutional rights, and the consequences of his plea, and to establish a factual basis for the plea. The trial court, finding that a factual basis for the guilty plea existed and that the appellant had entered the plea knowingly and voluntarily, adjudged the appellant guilty, ordered a presentence report, and set a date for a probation and sentencing hearing. The appellant was represented during the guilty plea proceeding by appointed counsel.
A probation and sentencing hearing was held at 9:00 a.m. on September 15, 1993, at which the appellant was represented by retained counsel. His court-appointed counsel was allowed to withdraw. At the end of the sentencing hearing, the appellant moved to withdraw his guilty plea on the ground that it had not been voluntarily entered because, when he entered his plea, he did not understand the gravity of the offense, i.e., the large *Page 1111 
amount of restitution being sought. He also contended that, as part of the plea agreement, the state agreed to amend the indictment to change the dangerous weapon used from a "2["] x 4["] board" to a "3/4" x 2 1/4" board." He also asserted that the state agreed that he would be placed on probation. The trial court denied the motion to withdraw the guilty plea, and the following occurred:
 "THE COURT: Well, in any event, I've asked you if you have anything to say. I will, according to the plea agreement which you entered, enter and sentence you to serve a six-year sentence in the state penitentiary, to pay court costs, attorney's fees and $50 to the crime victims' compensation fund and restitution as determined by the court. And you have 42 days to appeal that sentence.
 "MR. BURNS [Defense Counsel]: He applies for probation, too, right now."
Immediately thereafter, the trial court conducted a hearing to determine the amount of restitution and the question of whether the appellant would be placed on probation. The appellant moved for a continuance on the ground that his newly retained counsel was not prepared to represent him in the restitution and probation proceedings. It does not appear, however, that the trial court ruled on this motion. Thereafter, the victim, a female who had lived with the appellant for five and one-half years before the incident leading to the charge in this case, testified that to the date of the hearing she had incurred medical bills in the amount of approximately $8,000, lost wages in the amount of $4,995, and had incurred travel expenses in the amount of $4,000, as well as other unspecified expenses for counseling and other treatment. She also testified that she would be required to have surgery performed on her perforated eardrum, which would cost approximately $30,000.
At the conclusion of the hearing, the trial court stated:
 "Well, as far as what occurred on this particular situation, it's obvious from the facts, only two people present, they're both here in Court and I don't see any further need in continuing anything to find out about what occurred and the severity of the injuries. She's here to be questioned and anything that could be asked could be asked her. As far as the amount of bills and so forth, I will leave that open. I will continue it for consideration of probation for presentation of any evidence or witnesses you would like to present. Until that time, though, the Defendant will be incarcerated until we have the further probation hearing."
Although the trial court then ordered that the hearing for further consideration of probation be continued until September 30, 1993, the court reconvened the hearing at 2:10 p.m. on the same day, September 15, 1993. The appellant waived the presentation of evidence on the issue of probation, and the trial court denied probation. The trial court then addressed the issue of restitution. The record shows that the following occurred:
 "THE COURT: . . . The issue of restitution — the Court will order restitution to the victim upon presentation by affidavit and supported by applicable documentation, the medical bills incurred as a result of the injuries sustained and all future medical bills incurred as a result of said injuries to the victim's left eardrum, any counseling bills from the date of said injury to this date only upon proof — proper proof by documentation and the sum of $2,000 restitution for all other losses. Now, that takes care of restitution. I believe the order took care of the attorney's fees.
 "MR. BURNS [Defense Counsel]: Judge, may I ask this?
"THE COURT: Sure.
 "MR. BURNS: On this business about him paying for her counseling, now, of course, if we went into this it would show she used Valiums, things like that in the past. Could we restrict this to any type of psychological help she may need as a result of the damage to her ear, because I think that she's sort of psychologically disoriented as a result of the use of drugs and things and if he's going to have to pay for all of her problems it's going to be astronomical. This has to do with her ear only, does it not, Judge? *Page 1112 
 "THE COURT: Let's scratch counseling all together . . . and put $2,500 down as restitution instead of $2,000. [I]s there any oral notice of appeal?
"MR. BURNS: Yes, sir, we hereby file it."
Subsequently, the trial court entered an order of restitution, which states, in pertinent part:
 "Restitution of medical expenses is ordered to the victim upon presentation by affidavit and supported by applicable documentation of medical bills incurred as a result of the injuries sustained and all future medical bills incurred as a result of said injuries to the victim's left eardrum. Restitution of $2,500 is ordered to the victim for all other losses."
In a guilty plea proceeding, the trial court should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea and, in addition, the court should be satisfied that there is a factual basis for the plea.Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274
(1969); Clark v. State, 294 Ala. 485, 318 So.2d 805 (1974);Bowens v. State, 570 So.2d 844 (Ala.Cr.App. 1990); A.R.Cr.P. 14.4. Informing a defendant of the nature of the charge and the consequences of a guilty plea is crucial to the defendant's ability to fashion an intelligent and voluntary waiver of his constitutional rights. Chapman v. State, 412 So.2d 1276
(Ala.Cr.App. 1982). Rule 14.4(a) requires a full colloquy to ensure that the defendant fully understands the meaning of his plea and its consequences. Committee Comments, Rule 14.4. The trial court may comply with Rule 14.4(a) by using a form similar to that approved in Ireland v. State, 47 Ala. App. 65,250 So.2d 602 (1971), and now found in the appendix to the Alabama Rules of Criminal Procedure, provided that the trial court specifically questions the defendant on the record as to each item in the form. Committee Comments, Rule 14.4.
Rule 14.4(e) provides, "The court shall allow withdrawal of a plea of guilty when necessary to correct a manifest injustice." Whether a defendant should be allowed to withdraw a plea of guilty is a matter solely within the discretion of the trial court, whose decision will not be disturbed on appeal absent a showing of abuse of that discretion. Ex parte Heaton,542 So.2d 931 (Ala. 1989).
The appellant contends that the state agreed, as part of the plea agreement, to amend the indictment prior to the entry of his plea to show that the weapon used to strike the victim was a "3/4" x 2 1/4" board" instead of a "2["] x 4["] board," and that the state agreed he would placed on probation. He contends that the state breached the agreement by not satisfying these two conditions. The state denies ever agreeing to these conditions. If a breach of a plea agreement by the state is demonstrated, the trial court has the discretion to cure the breach by allowing withdrawal of the plea, or, under some circumstances, by ordering specific performance of the agreement. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495,30 L.Ed.2d 427 (1971); Ex parte Yarber, 437 So.2d 1330 (Ala. 1983); Bland v. State, 565 So.2d 1240 (Ala.Cr.App. 1990); W. LaFave and J. Israel, 1 Criminal Procedure, § 20.2(d) (1984).
The record in this case does not support the appellant's contentions. The record shows that the indictment was read to the appellant by the trial court when he entered his guilty plea and that the deadly weapon averred in the indictment was a "2["] x 4["] board." The appellant did not object at the time. Moreover, this alleged amendment was never included in the plea agreement. In regard to probation, the written plea agreement, which is in the record and which is signed by the appellant and his counsel, states specifically that probation was within the discretion of the trial court and was not a condition of the agreement. In fact, the plea agreement states that the prosecutor would oppose probation. During the colloquy, the trial court, addressing the plea agreement, asked the appellant if he understood that the state was opposing probation, and he responded, "Yes, your Honor." We find that there is ample evidence in the record to support the finding of the trial court that amending of the indictment as set out above *Page 1113 
and ensuring probation were not included in the plea agreement.
The appellant also contends that his plea was not voluntarily and intelligently entered because, he says, he was not informed of the large amount of restitution that would be sought by the victim and, had he known of the amount of restitution being sought, he would not have pleaded guilty.
The provisions of Code of Alabama 1975, §§ 15-18-65 through15-18-77, and A.R.Cr.P. 26.11 provide for payment of restitution. Section 15-18-67 provides:
 "When a defendant is convicted of a criminal activity or conduct which has resulted in pecuniary damages or loss to a victim, the court shall hold a hearing to determine the amount or type of restitution due the victim or victims of such defendant's criminal acts. Such restitution hearings shall be held as a matter of course and in addition to any other sentence which it may impose, the court shall order that the defendant make restitution or otherwise compensate such victim for any pecuniary damages. The defendant, the victim or victims, or their representatives or the administrator of any victim's estate as well as the district attorney shall have the right to be present and be heard upon the issue of restitution at any such hearings."
Rule 26.11(a) provides as follows:
 "Restitution should be ordered in all cases where a victim has been injured or damaged. The financial resources and obligations of the defendant and the burden that payment of restitution will impose should be considered in determining how much restitution is to be paid or collected, i.e., whether to be paid by installments and what length of time should be given for payment."
Restitution is in addition to any sentence that might be imposed. § 15-18-67. The restitution statute does not contain a notice requirement; therefore, the holding of a restitution hearing by the trial court without prior notice to the defendant is not an abuse of discretion absent a showing of prejudice. Poe v. State, 510 So.2d 852 (Ala.Cr.App. 1987). "An accused person who enters a guilty plea, even to the merest 'violation,' not amounting to a misdemeanor, all the way upscale to a capital offense, faces the possibility of the imposition of a fine and of a requirement of restitution or reparation." Lewis v. State, 479 So.2d 1356, 1358 (Ala.Cr.App. 1985).
We find without merit the appellant's contention that his guilty plea was not entered knowingly and voluntarily because, he says, he was not informed of the potential range of the restitution amount. Although the plea agreement mentioned only that he would be required to pay restitution and did not contain an estimate or provide the possible range of restitution and although the trial court did not mention restitution in its colloquy with the appellant at the time his plea was accepted, restitution was addressed in the explanation of rights form. The "Explanation of Rights and Plea of Guilty" form, which is in the record, states: "You will also be assessed court costs and may be ordered to pay restitution in an amount determined by the court." From the record before us, it is clear that the appellant was aware when he entered his plea that he would be required to pay restitution, although the amount had not been determined at that time. He was fully aware of the consequences of his plea when it was entered. He was not misled in any way. There is no constitutional requirement that an accused be informed of every consequence of his guilty plea before the plea will be considered intelligently entered. See, e.g., Sheehan v. State, 411 So.2d 824 (Ala.Cr.App. 1981). We believe that the plea was intelligently and voluntarily entered. Thus, we find that the trial court did not abuse its discretion in denying the appellant's motion to withdraw his guilty plea.
The appellant further contends that the trial court erred in ordering restitution without requiring proper proof. We agree. The restitution statute requires that the parties involved have an opportunity to be heard on the restitution issue. Varner v.State, 497 So.2d 1135 (Ala.Cr.App. 1986). A defendant in a restitution hearing is entitled to a hearing at which legal evidence is introduced to determine the precise amount of restitution *Page 1114 
due the victim. Henry v. State, 468 So.2d 896 (Ala.Cr.App. 1984), cert. denied, 468 So.2d 902 (Ala. 1985). After examining the record of the restitution hearing and the restitution order in the instant case, we are of the opinion that they do not meet the requirements of §§ 15-18-65, et seq.; Rule 26.11, Ala.R.Cr.P.; and Alabama case law. The trial court failed to determine the precise amount of restitution to be paid based upon legal evidence. The restitution order is open-ended, i.e., the amount of restitution to be paid is left to future determination, is speculative, and is based upon vague and questionable testimony of the victim. No documentary evidence was introduced to support the amount awarded. Furthermore, the appellant had no opportunity to introduce evidence at the restitution hearing or to contest the testimony of the victim other than through cross-examination. Before a defendant can be held liable for restitution, it must be established that his criminal act was the proximate cause of the injury for which the victim is seeking restitution. Strough v. State,501 So.2d 488 (Ala.Cr.App. 1986).
We set aside the restitution order in this case and remand the case to the trial court for a new restitution hearing for the purpose of determining restitution in accordance with the restitution statutes and Rule 26.11. At that hearing, the appellant, represented by counsel, will be given an opportunity to appear and to present evidence in his behalf.
The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time within 60 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.