John Stutts was charged with one count of criminal mischief in the first degree, a violation of § 13A-7-21, Ala. Code 1975. At the time Stutts was indicted, criminal mischief in the first degree required proof that the accused had inflicted "damage to property . . . [i]n an amount exceeding $1,000.00."[1]
Stutts was convicted of criminal mischief in the third degree, a violation of § 13A-7-23, Ala. Code 1975, as a lesser offense included within the offense of first-degree criminal mischief. Stutts was sentenced to 4 months in the county jail; that sentence was suspended, and he was placed on supervised probation for 12 months, was fined $500, and was ordered to pay $2,500 in restitution. Stutts appealed only as to the restitution order. The Court of Criminal Appeals affirmed in an unpublished memorandum. Stutts v. State, 897 So.2d 428 (Ala.Crim.App. 2004) (Cobb, J., dissenting). He then filed with this Court a petition for a writ of certiorari, seeking review of the restitution issue. We granted the writ, and we now affirm the Court of Criminal Appeals' judgment upholding the restitution order.
 Facts
At trial, the victim, Keith Jeffreys, testified as to an altercation between him and Stutts. Stutts was married to Jeffreys's sister. The incident occurred on July 7, 2003, when Jeffreys drove to the Stuttses' house for a visit. When he arrived at the house, Stutts and his sister were outside arguing. Jeffreys testified that Stutts grabbed his sister by the face and then pushed her down to the ground. He said that when he saw that, he got out of his truck and tried to calm Stutts. Stutts responded by grabbing a stick. Jeffreys further testified that when he saw Stutts grabbing the stick, he reached into the back of his truck and grabbed a bolt.
Stutts hit Jeffreys with the stick, and Jeffreys threw the bolt at Stutts. When the bolt struck Stutts, he was knocked to the ground, and Jeffreys proceeded to hit him several times. Jeffreys then got into his truck to drive away, but the truck would not start. While Jeffreys was trying to start his truck, Stutts retrieved a gun. Unable to get his truck to start and seeing Stutts with the gun, Jeffreys ran across a field toward his house, leaving his truck behind.
After Jeffreys left Stutts's house, Stutts attempted to move Jeffreys's truck out of his driveway. In doing so, Stutts pushed the truck into a fishpond next to his house. The next time Jeffreys saw his truck was the next day at his mechanic's garage after it had been pulled out of the pond. The truck had been severely damaged by the water, and Jeffreys believed that it was a total loss. He testified that the transmission, the motor, and various other parts would have to be repaired or replaced, and that he thought it would cost "over a thousand dollars" to repair the truck. On cross-examination, Jeffreys admitted that he had not actually inspected the damage to the truck and that, in stating his opinion regarding the damage, he was "just going by what the mechanic told me." In response to a hearsay objection, the trial *Page 433 
court struck Jeffreys's testimony as to his opinion of the amount of damage to the truck.
On redirect examination, Jeffreys testified that he generally understood the mechanics of motor vehicles and that he had previously done general maintenance work on the truck that had been pulled from the pond. On re-cross-examination, however, he again admitted that he had not inspected the truck for damage following the incident other than to drain the oil and transmission fluid from the truck.
Vick Lyle, a Town Creek police officer, responded to the scene at Stutts's house. When he arrived, he noticed a truck sitting in the pond; the truck remained in the pond overnight. Another Town Creek police officer, Jamie Simms, testified that on the evening of the incident, Stutts stopped by the police station. Simms stated that Stutts, appearing very agitated, admitted that he struck Jeffreys with a stick. Stutts stated that the altercation began because Jeffreys tried to break up a fight between Stutts and his wife. Stutts admitted to retrieving a gun and stated that, given the chance, he would have shot Jeffreys. Finally, he admitted that he pushed Jeffreys's truck into the pond. Stutts's wife also told the police that Stutts pushed the truck into the pond.
Stutts testified in his own defense and admitted that he had pushed the truck into the pond. He claimed that he was trying to move the truck out of the driveway and that he did not intend to push the truck into the pond.
 Standard of Review
"The particular amount of restitution is a matter which must of necessity be left almost totally to the discretion of the trial judge." Clare v. State, 456 So.2d 355, 356 (Ala.Crim.App. 1983), aff'd, 456 So.2d 357 (Ala. 1984). Moreover, the exercise of "[t]hat discretion should not be overturned except in cases of clear and flagrant abuse." Id.
 Issue and Analysis
The sole issue Stutts raises is whether a trial court can order restitution in an amount greater than $250 after a jury, by finding him guilty of third-degree criminal mischief, concluded that he had caused no more than $250 worth of damage to the victim.
In its unpublished memorandum the Court of Criminal Appeals held that the trial court did not exceed its discretion in ordering Stutts to pay $2,500 in restitution, even after the jury found Stutts guilty of the lesser-included offense of criminal mischief in the third degree, which criminalizes damage to property in an amount not exceeding $250. Relying on the standard that the amount of restitution is a matter that should be left to the discretion of the trial court, the Court of Criminal Appeals held that the trial judge had the authority to impose restitution in an amount he deemed appropriate and that in awarding $2,500 in restitution the court had not exceeded the scope of its discretion. We agree.
Here, the jury verdict established that the jury was not convinced that the State established beyond a reasonable doubt that the damage to the vehicle exceeded $250. The burden of proof applied by the jury in a criminal trial — beyond a reasonable doubt — is not the same burden applied by the trial judge at a restitution hearing. "At a restitution hearing, the trial judge need be convinced only by a preponderance of [the] evidence."Hagler v. State, 625 So.2d 1190, 1191 (Ala.Crim.App. 1993). Thus, the fact that Stutts was effectively acquitted of having caused more than $250 in damage did not preclude the trial court from finding him, based on a *Page 434 
preponderance of the evidence, liable for having caused more than $250 in damage at the subsequent restitution hearing. As the United States Supreme Court stated in Helvering v. Mitchell,303 U.S. 391, 397, 58 S.Ct. 630, 82 L.Ed. 917 (1938):
 "The difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of res judicata. The acquittal was `merely . . . an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused.' . . . That acquittal on a criminal charge is not a bar to a civil action by the Government, remedial in its nature, arising out of the same facts on which the criminal proceeding was based has long been settled."
Moreover, Rule 26.6(b)(2), Ala.R.Crim.P., states that at a sentencing hearing "[a]ny evidence that the court deems to have probative value may be received, regardless of its admissibility under the rules of evidence." Therefore, any evidence that the trial court could not admit during the guilt stage of the trial may be admitted during the sentencing phase of a trial to assist the court in determining the proper sentence, including restitution for the loss suffered by the victim.
At the restitution hearing Jeffreys testified to and offered written estimates regarding the amount of damage to his truck caused by Stutts's conduct. Jeffreys estimated the value of his truck to be approximately $4,000. He testified that one mechanic told him the cost to repair the water damage would be at least $2,500. Jeffreys also offered written estimates from two other mechanics: one stated that the cost of repair would exceed the value of the truck, which he said was approximately $4,000, while the other stated that the cost of the necessary repairs would be $10,000. Jeffreys's testimony and the written estimates of the cost to repair the vehicle support the trial court's finding that damage in the amount of $2,500 was established by a preponderance of the evidence; the trial court did not exceed the scope of its discretion in ordering Stutts to pay $2,500 in restitution.
 Conclusion
Based on the foregoing, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
NABERS, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
[1] Effective September 1, 2003, the Legislature amended § 13A-7-21, Ala. Code 1975, to increase to $2,500 the amount of damage to property necessary to establish the offense of criminal mischief in the first degree.