WISE, Presiding Judge.
 

 The appellant, James Richard Guy, entered a guilty plea to second-degree theft of property, a violation of § 13A-8^4, Ala. Code 1975. The trial court sentenced him, as a habitual offender, to serve a term of fifteen years in prison.
 
 See
 
 § 13A-5-9(c)(1), Ala.Code 1975. It also ordered him to pay $1,115,000 in restitution to the victim. Guy filed a “Motion for Restitution Hearing and to Modify Sentence,” which the trial court denied. This appeal followed.
 

 At the end of the guilty plea proceedings in this case, the trial court sentenced Guy and ordered him to pay $1,115,000 in restitution. The State did not present any testimony or documentary evidence regarding the amount of restitution during the guilty plea proceedings. In fact, the record is silent as to how the trial court arrived at the amount of restitution it ordered. After the guilty plea proceedings, Guy filed a “Motion for Restitution Hearing and to Modify Sentence” in which he alleged that the amount of restitution was in error, alleged that the documents submitted by the victim did not support the amount of restitution ordered, and requested that the trial court conduct a restitution hearing and modify the amount of restitution ordered.
 
 [1]
 
 However, the trial court denied that motion.
 

 Guy argues that the trial court erroneously ordered him to pay restitution without first requiring the State to prove the amount of restitution due to the victim. The State concedes that it appears that Guy has been denied a restitution hearing and that we should remand this case for the trial court to conduct a restitution hearing and to enter a final restitution order.
 

 ‘When a defendant is convicted of a criminal activity or conduct which has resulted in pecuniary damages or loss to a victim,
 
 the cowrt shall hold a hearing to determine the amount or type of restitution due the victim or victims of such defendant’s criminal acts.
 
 Such restitution hearings shall be held as a matter of course and in addition to any other sentence which it may impose, the court shall order that the defendant make restitution or otherwise compensate such victim for any pecuniary damages. The defendant, the victim or victims, or their representatives or the administrator of any victim’s estate as well as the district attorney shall have the right to be present and be heard upon the issue of restitution at any such hearings.”
 

 § 15-18-67, Ala.Code 1975. Also, this court addressed a similar situation in
 
 Alford v. State,
 
 651 So.2d 1109, 1113-14 (Ala.Crim.App.1994), as follows:
 

 “The appellant further contends that the trial court erred in ordering restitution without requiring proper proof. We agree. The restitution statute re
 
 *724
 
 quires that the parties involved have an opportunity to be heard on the restitution issue.
 
 Varner v. State,
 
 497 So.2d 1135 (Ala.Cr.App.1986). A defendant in a restitution hearing is entitled to a hearing at which legal evidence is introduced to determine the precise amount of restitution due the victim.
 
 Henry v. State,
 
 468 So.2d 896 (Ala.Cr.App.1984), cert. denied, 468 So.2d 902 (Ala.1985). After examining the record of the restitution hearing and the restitution order in the instant case, we are of the opinion that they do not meet the requirements of §§ 15-18-65, et seq.; Rule 26.11, Ala. R. Cr. P.; and Alabama case law. The trial court failed to determine the precise amount of restitution to be paid based upon legal evidence. The restitution order is open-ended, i.e., the amount of restitution to be paid is left to future determination, is speculative, and is based upon vague and questionable testimony of the victim. No documentary evidence was introduced to support the amount awarded. Furthermore, the appellant had no opportunity to introduce evidence at the restitution hearing or to contest the testimony of the victim other than through cross-examination. Before a defendant can be held liable for restitution, it must be established that his criminal act was the proximate cause of the injury for which the victim is seeking restitution.
 
 Strough v. State,
 
 501 So.2d 488 (Ala.Cr.App.1986).
 

 “We set aside the restitution order in this case and remand the case to the trial court for a new restitution hearing for the purpose of determining restitution in accordance with the restitution statutes and Rule 26.11. At that hearing, the appellant, represented by counsel, will be given an opportunity to appear and to present evidence in his behalf.”
 

 Based on the record before us, we conclude that the trial court erroneously ordered Guy to pay restitution without conducting a restitution hearing and without requiring the State to prove the amount of restitution owed to the victim. Accordingly, we reverse the trial court’s judgment ordering Guy to pay $1,115,000 in restitution and remand this case for the trial court to conduct a hearing regarding the amount of restitution owed to the victim.
 

 REVERSED AND REMANDED.
 

 WELCH, WINDOM, KELLUM, and MAIN, JJ., concur.
 

 [1]
 

 . The record on appeal does not include any documents the victim may have submitted regarding the amount of restitution.