Rel: March 28, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

————————————————

### CR-2024-0232

————————————————

## Chadrick Ladaryl Mendenhall

### v.

### State of Alabama

### Appeal from Montgomery Circuit Court
### (CC-21-660)

ANDERSON, Judge.

Chadrick Ladaryl Mendenhall appeals a restitution order entered by the Montgomery Circuit Court ordering him to pay $9,121.55 to his victim, McConnell Honda.

The record indicates that after Mendenhall pleaded guilty to first-degree theft of property and was sentenced, he filed a "Motion for Restitution Hearing" in which he challenged the restitution amount requested by the State. (C. 9.) On December 18, 2023, the circuit court held a short hearing on his motion, but it ultimately reset the restitution hearing for February 28, 2024.

At the February 28, 2024, hearing, Mendenhall claimed that the restitution issue was civil in nature and that the State was improperly trying to "use the criminal court to get around having to get [a] judgment through a civil burden." (R. 8.) He agreed that the victim should be restored what it had lost; however, because the vehicle had been returned with no damage -- albeit with additional mileage -- he argued that he should not have to pay the entire contract amount claimed by the State. No witnesses testified at the hearing, although a representative of the victim, Rachel Atkins, was present.

The court informally asked Atkins several questions; however, Atkins was never sworn in to provide testimony and was never exposed to cross-examination. Instead, the following occurred:

"THE COURT: So, now, have y'all mitigated? Have you sold the car?

"MS. ATKINS: Yes.

"THE COURT: You sold it and you reduced it by the -- you reduced it by what you got for the car?

"MS. ATKINS: Correct.

"[DEFENSE COUNSEL:] Your Honor, then I would just ask for that documentation to be presented to me.

"MS. ATKINS: Yes.

"THE COURT: She said she's got it.

"(Off-the-record discussion.)

"[DEFENSE COUNSEL:] Judge, we would just ask for a copy of the whole file.

"THE COURT: Okay.

"[DEFENSE COUNSEL:] I mean, from the auction, all of the internal sales documents, any type of fee. I mean, we've got part of it here, but I'm just asking for the sale documents. That way, we can submit that for an appeal if that's what Mr. Mendenhall wants to do.

"THE COURT: Okay.

"[THE STATE:] So at this time, Your Honor, I'd ask that you order $9,121.55 in restitution for this case.

"THE COURT: So ordered."

(R. 10-12.) The record on appeal does not include any documents that the victim may have submitted regarding the amount of restitution. The

following day, the circuit court entered a written order requiring Mendenhall to pay restitution in the amount of $9,121.55.

On March 1, 2024, Mendenhall filed a "Motion to Set Aside Restitution Order." (C. 13-15.) Mendenhall argued that: 1) the State had failed to submit any evidence evidencing the restitution amount or to establish "why this is not a debt that must be secured through the [c]ivil litigation process" and 2) that the circuit court, "without [receiving] any evidence/facts/documentation," improperly "granted restitution in the full amount solely supplied via argument from the State of Alabama Prosecutor, which is in error and violation of [his] rights." (C. 13-15.)

On March 27, 2024, Mendenhall filed a notice of appeal. On appeal, Mendenhall claims that the circuit court erred when it ordered restitution without taking testimony or receiving evidence to support the award of restitution.

The State, in its brief on appeal, contends that Mendenhall failed to preserve his claim for appellate review. The State also claims that the circuit court properly ordered restitution based on the evidence before it and that any error was invited by the defense. We disagree.

It is well settled that

4

> "'[r]eview on appeal is restricted to questions and issues properly and timely raised at trial.' <u>Newsome v. State</u>, 570 So. 2d 703, 717 (Ala. Crim. App. 1989). 'An issue raised for the first time on appeal is not subject to appellate review because it has not been properly preserved and presented.' <u>Pate v. State</u>, 601 So. 2d 210, 213 (Ala. Crim. App. 1992)."

<u>Ex parte Coulliette</u>, 857 So. 2d 793, 794-95 (Ala. 2003). "Specific grounds of objection waive all grounds not specified." <u>Fisher v. State</u>, 439 So. 2d 176, 177 (Ala. Crim. App. 1983). To preserve restitution issues for appellate review, no specific form of objection is required, but the defendant must express his or her disagreement with the amount of restitution to the trial court. <u>See</u> <u>Ex parte Fletcher</u>, 849 So. 2d 900, 906 (Ala. 2001) (holding that "a postconviction motion is an appropriate method for bringing the defendant's dissatisfaction with the restitution award to the attention of the trial court and that such a motion is sufficient to preserve [the issue] for appellate review"); <u>Gladden v. State</u>, 644 So. 2d 1267 (Ala. Crim. App. 1993) (holding that a motion to reconsider is sufficient to preserve the issue of the amount of restitution); and <u>Briggs v. State</u>, 549 So. 2d 155, 161 (Ala. Crim. App. 1989) (holding that the appellant's argument that the restitution amount was too high was not preserved for appellate review because "no objection was made

by the appellant as to the amount of restitution claimed, either before or after the restitution hearing" "not even a general objection").

At the restitution hearing in the present case, defense counsel challenged the restitution amount on a novel theory that basing the restitution amount on a sales contract rendered it "a civil issue." (R. 7.)[1] While Mendenhall asked that the supporting documentation be provided to him, he did not raise any objection at that time regarding the sufficiency of the evidence, noting that "[w]e don't have any objection to anything else." (R.8.) Following the hearing, Mendenhall filed a motion to set aside the restitution order, still asserting his "civil issue" argument and claiming for the first time that the circuit court improperly imposed restitution based solely on the arguments of the State without requiring any testimony or evidence to be presented. This motion was sufficient to preserve Mendenhall's evidentiary claim for appellate review. Bailey v. City of Ragland, 136 So. 3d 498, 503 (Ala. Crim. App. 2013).

Turning to the specific issue raised on appeal, we agree with Mendenhall that the circuit court's award of restitution in this case,

---

[1]Mendenhall abandoned this novel theory in his brief to this Court.

which was based solely on arguments of counsel and without legal evidence supporting the determination of amount, was erroneous.

This Court addressed a similar situation in Henry v. State, 468 So. 2d 896 (Ala. Crim. App. 1984). In Henry, the victim testified at trial that the value of the stolen property was "'just a little under $3,000,'" and, at the sentencing hearing, a police officer presented the trial court with a "'Restitution Form' on which it itemized the victim's losses and valued them at $2,356." 468 So. 2d at 901. Although defense counsel objected to the restitution and requested receipts and evaluations of the stolen property, the trial court ordered restitution in the amount of $2,356. Id. This Court held:

> "We agree with the defendant that he was entitled to a hearing, at which legal evidence was introduced, in order to determine the precise amount of restitution due the victim in this case. Sections 15-18-67 and -69, Code of Alabama 1975, provide the following:
>
>> "'When a defendant is convicted of a criminal activity or conduct which has resulted in pecuniary damages or loss to a victim, the court shall hold a hearing to determine the amount or type of restitution due the victim or victims of such defendant's criminal acts. Such restitution hearings shall be held as a matter of course and in addition to any other sentence which it may impose, the court shall order that the defendant make restitution or otherwise compensate such

7

victim for any pecuniary damages. The defendant, the victim or victims, or their representatives or the administrator of any victim's estate as well as the district attorney shall have the right to be present and be heard upon the issue of restitution at any such hearings.

"'At such restitution hearings, the defendant, the victim, the district attorney, or other interested party may object to the imposition, amount or distribution of restitution or the manner or method thereof and the court shall allow all such objections to be heard and preserved as a matter of record. The court shall thereafter enter its order upon the record stating its findings and the underlying facts and circumstances thereof.' (Emphasis added).

"In addition, Rule 10(a)(5), Ala. R. Crim. P. Temp., provides that the amount of restitution due the victim 'shall be determined by the court from evidence presented at the sentence hearing if not stipulated by the parties.'

"We entertain no doubt as to the integrity of the Auburn Police Department's valuation of the stolen property; however, the 'Restitution Form' as presented to the court was not legal evidence without accompanying testimony regarding the manner in which the values were determined. Thus, we must remand this cause to the trial court with instructions to conduct a hearing for the purpose of determining restitution in accord with §§ 15-18-65 et seq. of the Code of Alabama 1975, and Rule 10, Ala. R. Crim. P. Temp. Although the victim need not produce the actual sales receipts for the property stolen, there should be some evidence as to how the value was determined."

Henry, 468 So. 2d at 901-02.

Similarly, in <u>Alford v. State</u>, 651 So. 2d 1109, 1111 (Ala. Crim. App. 1994), the trial court conducted a hearing to determine the amount of restitution to be awarded after the defendant pleaded guilty to second-degree assault. At the hearing, the victim testified about the approximate value of medical bills she had incurred up until that date, future expected medical bills from a surgery she would be required to have, travel expenses, and other unspecified expenses for counseling and other treatment. Following the hearing, the trial court ordered restitution for medical expenses to be paid "'upon presentation by affidavit and supported by applicable documentation of medical bills incurred as a result of the injuries and all future medical bills ….'" and then ordered the defendant to pay $2,500 "'for all other losses.'" <u>Id.</u> at 1112. This Court observed:

> "The appellant further contends that the trial court erred in ordering restitution without requiring proper proof. We agree. The restitution statute requires that the parties involved have an opportunity to be heard on the restitution issue. <u>Varner v. State</u>, 497 So. 2d 1135 (Ala. Crim. App. 1986). A defendant in a restitution hearing is entitled to a hearing at which legal evidence is introduced to determine the precise amount of restitution due the victim. <u>Henry v. State</u>, 468 So. 2d 896 (Ala. Crim. App. 1984), cert. denied, 468 So. 2d 902 (Ala. 1985). After examining the record of the restitution hearing and the restitution order in the instant case, we are of the opinion that they do not meet the requirements of §§

9

15-18-65, et seq.; Rule 26.11, Ala. R. Crim. P.; and Alabama case law. The trial court failed to determine the precise amount of restitution to be paid based upon legal evidence. The restitution order is open-ended, i.e., the amount of restitution to be paid is left to future determination, is speculative, and is based upon vague and questionable testimony of the victim. No documentary evidence was introduced to support the amount awarded. Furthermore, the appellant had no opportunity to introduce evidence at the restitution hearing or to contest the testimony of the victim other than through cross-examination. Before a defendant can be held liable for restitution, it must be established that his criminal act was the proximate cause of the injury for which the victim is seeking restitution. Strough v. State, 501 So. 2d 488 (Ala. Crim. App. 1986)."

651 So. 2d at 1113-14.

Admittedly, "'[a]t a restitution hearing, the trial judge need be convinced only by a preponderance of [the] evidence,'" Ex parte Stutts, 897 So. 2d 431, 433-34 (Ala. Crim. App. 2004) (quoting Hagler v. State, 625 So.2d 1190, 1191 (Ala. Crim. App. 1993)), and "[a]ny evidence that the court deems to have probative value may be received, regardless of its admissibility under the rules of evidence" Id. at 434 (quoting Rule 26.6(b)(2), Ala. R. Crim. P.). Nonetheless, a court must actually take evidence or testimony and state its findings "and the underlying facts and circumstances thereof" when ordering restitution. § 15-18-69, Ala. Code 1975.

10

In the present case, the State never called Atkins, the victim's representative, to testify and present proof of the restitution amount requested. We note that the circuit court had an on-the-record conversation with Atkins, but her unsworn statements were not legal evidence. Even if we were to assume that Atkins's exchange with the circuit court could have been acceptable evidence, the answers that Atkins provided to the circuit court during that conversation were insufficient to establish the amount of restitution owed. Similarly, though documentary evidence was mentioned on the record, the record does not clearly indicate whether Mendenhall was given an opportunity to review it, and it was never admitted into evidence or otherwise made part of the record. (C. 11.)

Based on the record before us, we conclude that the circuit court erroneously ordered Mendenhall to pay restitution without requiring the State to prove the amount of restitution owed to the victim by means of legal evidence. Accordingly, we set aside the restitution order in this case and remand the case to the trial court for a new restitution hearing for the purpose of determining restitution in accordance with the restitution statutes and Rule 26.11, Ala. R. Crim. P.

11

The circuit court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this Court at the earliest possible time within 60 days of the release of this opinion.

REMANDED WITH INSTRUCTIONS.

Windom, P.J., and Kellum, Cole, and Minor, JJ., concur.