BOWEN, Presiding Judge.
Eddie Peoples pled guilty to burglary in the third degree. Alabama Code 1975, § 13A-7-7. He was sentenced as an habitual offender to thirty years’ imprisonment. Two issues are raised on appeal.
I
The main argument advanced on appeal concerns the allegation that, in sentencing, the trial judge considered case action summary sheets of two prior convictions which did not clearly and precisely identify Peoples.
At the sentencing hearing, the State introduced proof of six prior felony convictions. Even excluding the two convictions that Peoples argues should not have been considered, there remain four convictions which in and of themselves warrant and authorize a sentence of 15 to 99 years under the Habitual Felony Offender Act. Alabama Code 1975, § 13A-5-9(c)(l). “[A]ny error in proving prior convictions in excess of the number needed to invoke the Habitual Offender Act is error without injury, where the evidence of the unneeded prior convictions did not prejudice the defendant.” Smith v. State, 401 So.2d 251, *1001 256-57 (Ala.Cr.App.), cert. denied, Ex parte Smith, 401 So.2d 257 (Ala.1981). In this case, the trial judge specifically inquired if the range of punishment would be affected if only four instead of six convictions were proven.
Furthermore, we find that the two objected to convictions were properly admitted into evidence and considered by the judge in sentencing. Peoples finds the two convictions objectionable because both case action summary sheets describe the subject as “Charles Grover Peoples, alias Eddie Gene Peoples”, and on both sheets the blocks marked “Black” and “White” are both marked.
Peoples accepts the name of Eddie Gene but denies that he has ever used “Charles Grover Peoples” as an alias. He stated that Charles Grover was his brother who had been dead since 1972. The convictions are dated 1977 and 1979. At the sentencing hearing, Peoples gave his date of birth as November 25, 1942 — the same date as that of “Charles Grover Peoples” on the case action summary sheets. As noted above, both summary sheets list the alias Eddie Gene Peoples, a name the defendant admits using.
“The identity of the name raised a prima facie presumption of the sameness of the person.” Murphy v. State, 399 So.2d 340, 346 (Ala.Cr.App.), cert. denied, Ex parte Murphy, 399 So.2d 347 (Ala.1981); McCord v. State, 373 So.2d 1242, 1244 (Ala.Cr.App. 1979); Williams v. State, 364 So.2d 717, 719 (Ala.Cr.App.1978). Here, the identity of names and birthdates plus the brother’s death before the date of the two convictions raises a presumption that the “Charles Grover Peoples alias Eddie Gene Peoples” of the case action summary sheets is the defendant.
Our review of the copies of the case action summary sheets convinces us that the blocks marked “Black” were apparently inadvertently marked and then scratched out with a plain and distinct “x” then being placed in the boxes marked “White”.
We find no error in the admission of the prior convictions.
II
Peoples’ argument that there was an implied promise that he would receive a minimum sentence is not supported by the record. This is admitted by appellate counsel.
The record does show that Peoples made an “open plea” without any recommendations regarding the sentence. It is clear from this record that the State never promised Peoples anything.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.