PER CURIAM.
This is this Court’s second review of this case. Originally, the Court of Criminal Appeals reversed the defendant’s conviction on the ground that Ala.Code 1975, § 32-10-6, was constitutionally defective, because, that court wrote, the accused could not learn whether he had been charged with a misdemeanor or a felony until after he had been convicted and sentenced. Mayfield v. State, 545 So.2d 87 (Ala.Crim.App.1986). Upon review, this Court reversed and remanded the case to the Court of Criminal Appeals on the authority of Newberry v. State, 493 So.2d 995 (Ala.1986). Mayfield v. State, 545 So.2d 89 (Ala.1986). Upon remand, the Court of Criminal Appeals again reversed the conviction, holding that the trial court erred in not instructing the jury on lesser included offenses — a separate ground from the ground relied on in the first reversal. Mayfield v. State, 545 So.2d 89 (Ala.Crim.App.1988).
Again, this Court granted review; and, again, we reverse and remand, with instructions to the Court of Criminal Appeals to affirm with respect to the issue herein addressed, and for further proceedings as may be appropriate.
The facts are fully set out in the Court of Criminal Appeals’ opinion and need not be recited here. It is sufficient to say that the defendant was indicted and tried for leaving the scene of an accident, Code 1975, §§ 32-10-1 and -2. Because the defendant initially stopped his vehicle after colliding *93 with another occupied vehicle — the first among several statutorily imposed duties under such circumstances — the Court of Criminal Appeals reasoned that the defendant’s failure to remain at the scene and exchange certain information with the driver of the other vehicle nonetheless entitled the defendant to a “lesser included offense” jury instruction.
We disagree. The “leaving the scene” statute imposes multiple duties upon the driver of a motor vehicle involved in an accident resulting in personal injury or in property damage to another vehicle that is driven or attended by any person. These duties include stopping and remaining at the accident scene until he has given the other driver his name and address, and the registration number of his vehicle. The failure of one so involved to perform any one of the statutorily imposed duties constitutes a violation of the statute; and the performance of any one or more, but less than all, of these duties does not entitle the defendant to a “lesser included offense” instruction to the jury.
Here, the fact that the defendant stopped his vehicle in the immediate vicinity of the accident and remained there for a period of time, but then left the scene without complying with the “exchange of information” requisite of the statute, does not have the legal effect of reducing the “leaving the scene” offense to some lesser included criminal offense. He either complied with the statute in each of its cumulative components or he did not. The evidence is without dispute that he did not comply with the “leaving the scene” statute under which he was indicted and tried. Thus, the trial court did not err in refusing to instruct the jury on a lesser included offense.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.