AFTER REMAND FROM ALABAMA SUPREME COURT
McMILLAN, Judge.
This cause was remanded to this court, pursuant to the Alabama Supreme Court’s *94 decision in Mayfield v. State, 545 So.2d 92 (Ala.1988), in which the court held that the evidence was sufficient to prove that the appellant violated the “leaving the scene” statute.
One issue remains which has not yet been addressed by this court. The appellant argues that the trial court erred in overruling his objection to the introduction of testimony regarding “his cursing and threatening behavior,” because, he says, the prejudicial effect of the testimony substantially outweighed its probative value. However, relevancy is a matter ordinarily left to the sound discretion of the trial court and, absent an abuse of discretion, this court’s ruling will not be considered error on appeal. Dawkins v. State, 455 So.2d 220, 222 (Ala.Cr.App.1984), and cases cited therein. In the present case, the appellant’s “cursing and threatening behavior” was inextricably intertwined with the offense and was part of the res gestae. Smith v. State, 447 So.2d 1327, 1329-30 (Ala.Cr.App.1983), affirmed, 447 So.2d 1334 (Ala.1984) (evidence of gambling and drinking was admissible notwithstanding the fact that it tended to show the commission of other crimes). “[A]ll acts done and words spoken pending the commission of a particular act, tending to illustrate or give character to that act, are admissible into evidence as part of the res gestae of the act.” Neal v. State, 460 So.2d 257, 261 (Ala.Cr.App.1984). We find no abuse of discretion by the trial court in allowing the testimony regarding the appellant’s behavior.
AFFIRMED.
All Judges concur.