This is an appeal by Robert Day of his conviction for the attempted murder of one Ronnie Johnson. Appellant was found guilty by a Lee County jury, was sentenced to 20 years' imprisonment, and was ordered to pay restitution in the amount of $425 to Johnson and $2,958 to Isabelle Patterson.
The record reveals that, on November 27, 1987, Johnson went to visit Henry Key at his apartment, but Key was not home. Johnson sat down to talk with Isabelle Patterson, Key's neighbor, while he waited for Key to return. Appellant and Reginald Henderson arrived at Key's home and came in through the back door. As appellant entered, Johnson and Patterson heard him say in a low tone, "I feel like killing somebody tonight." Appellant came into the room where Johnson and Patterson were seated and demanded that Patterson, a former girlfriend, come outside with him. When she refused, he slapped her and said, "Do you want me to do it here?" She asked, "Do what?" and shoved him. At that, appellant drew a gun from under his shirt and pointed it at Johnson's head. Afraid to turn his head, Johnson put his hand up to turn the muzzle. Appellant said, "Don't grab it or I'll shoot you." Johnson then heard a shot, and Patterson said, "He shot me in the leg." Appellant chased Johnson outside, firing at him four or five more times and striking him in the leg and shoulder. Appellant fled the premises before the police arrived, but turned himself in on January 10, 1988. The gun was never found.
Appellant was indicted for the attempted murder of Ronnie Johnson and, at trial, the state's case was largely uncontradicted. At the conclusion of the trial, the court ordered a restitution hearing, at which it accepted evidence concerning the medical expenses of both Johnson and Patterson. Thereafter, he ordered restitution to be paid to both, and appellant objected, arguing that restitution to Patterson was improper because there was a case pending regarding appellant's criminal liability for Patterson's injuries and that restitution would not be appropriate unless he was found guilty on those charges. On appeal Day contends that the trial court erred in ordering restitution to Patterson. We agree.
Section 15-18-65, Code of Alabama 1975, provides, in pertinent part, the following:
 "[I]t is essential to be fair and impartial in the administration of justice, that all perpetrators of criminal activity or conduct be required to fully compensate all victims of such conduct or activity for *Page 1319 
any percuniary loss, damage or injury as a direct or indirect result thereof."
"Criminal activities" is defined at § 15-18-66(1) as "[a]ny offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant." "Victim" is defined in paragraph (4) of § 15-18-66 as "[a]ny person [who] the court determines has suffered a direct or indirect pecuniary damage as a result of the defendant's criminal activities."
It is clear that this statute authorizes the trial court to order a defendant to pay restitution to any person who falls within the definition of "victim" and who suffered either direct or indirect pecuniary losses as a result of the defendant's activity for which he has been convicted or to which he has admitted. We have construed the term "victim" to encompass persons who were not necessarily the primary object of defendant's criminal conduct. See Kyser v. State,513 So.2d 68 (Ala.Cr.App. 1987) (wherein we held that defendant in manslaughter case was properly ordered to pay restitution to deceased's parents and brother for medical expenses, burial expenses, and lost wages they incurred as a result of defendant's criminal activity). See also Welcher v. State,504 So.2d 360 (Ala.Cr.App. 1987) (wherein we held that mother of deceased in criminally negligent homicide case fell within definition of "victim" and was entitled to restitution from defendant as reimbursement for her wages lost as a result of her appearances in court during defendant's trial). However, the instant case differs from those above in that in those cases the "victims" were being compensated for losses resulting indirectly from criminal conduct for which the defendant was indicted and convicted. In the instant case, appellant was ordered to pay restitution to Patterson after being convicted of the attempted murder of Johnson, an offense which was not alleged in the indictment or proven at trial to be the cause of Patterson's injury. "Before a defendant can be held liable for damages, it must be established that his criminal act was the proximate cause of the injury sustained. . . ." Strough v.State, 501 So.2d 488, 491 (Ala.Cr.App. 1986). While there was some evidence in the record tending to show that appellant did cause Patterson's injury, he was not on trial here for causing her injury, nor had he been convicted of causing her injury. There was also testimony by Patterson that appellant stated in a telephone conversation after the incident that he did not intend to shoot her, but had meant to shoot Johnson; however, we do not consider this to be the type of admission contemplated by the restitution statute, which we interpret to require a judicial admission sufficient to support a conviction before restitution can be ordered.
If it could be said that Patterson's injury arose from appellant's attempted murder of Johnson, for which he was convicted, then she could properly be characterized as a victim, and restitution to her would be proper. However, when one suffers a loss which resulted from conduct that was not the subject of the defendant's prosecution and for which a subsequent prosecution would be necessary to determine the defendant's criminal liability, if any, we hold that an order of restitution to that person is no more appropriate than would be the sentencing of the defendant to a term of imprisonment without first affording him the basic constitutional guarantees of a trial and verdict on those charges. Appellant should not have been ordered to pay restitution to Patterson.
For the reasons stated above, that portion of the judgment of the trial court ordering restitution in the amount of $2,958 to Isabelle Patterson is reversed, and the trial court is instructed to amend its judgment accordingly. However, the judgment of conviction and sentence of 20 years' imprisonment and the order of restitution in the amount of $425 to Ronnie Johnson for the attempted murder of Ronnie Johnson stands, and it is hereby affirmed.
AFFIRMED IN PART; REVERSED IN PART.
All Judges concur. *Page 1320