SHAW, Judge.
Brent Bernard Lamar pleaded guilty to the offense of leaving the scene of an accident, a violation of § 32-10-1, Ala. Code 1975. Lamar was sentenced to five years’ imprisonment. That sentence was split, and he was ordered to serve one year in prison followed by four years’ probation. On November 10, 1999, a restitution hearing was conducted and the circuit court *577 ordered Lamar to pay $25,000 in restitution to the victims, in monthly installments of $200. Lamar appeals the circuit court’s restitution order. We reverse and remand.
The record indicates that in February 1996, Lamar caused a multiple-car accident while speeding in his mother’s 1992 Ford Tempo automobile. Lamar struck a car that was turning in front of his car. That car was propelled into a vehicle in which Rosalyn Sellers and her 10-year-old son were riding. As a result of the accident, Sellers and her son were taken to the Monroe County Hospital where they were hospitalized for a week. (R. 15.) Sellers’s injuries included a broken thigh bone and broken bones in her feet, which required surgery; her son sustained a broken jaw bone. (R. 15-16.) Due to her injuries, Sellers has been unable to work since the accident. (R. 17.) The prosecution presented evidence to the trial court only regarding the injuries Sellers and her son sustained during the car accident.
On appeal, Lamar contends that the circuit court improperly ordered him to pay restitution because, he argues, the injuries the victims sustained were not “proximately caused” by his leaving the scene. (Lamar’s brief at p. 6.) Specifically, Lamar argues that the victims’ injuries were sustained during the accident, which occurred prior to his leaving the scene of the accident. (Lamar’s brief at p. 7.) Under the circumstances of this case, we must agree.
Section 15-18-65, Ala.Code 1975, states, in pertinent part:
“The Legislature hereby finds, declares and determines that it is essential to be fair and impartial in the administration of justice, that all perpetrators of criminal activity or conduct be required to fully compensate all victims of such conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof. The provisions of this article shall be construed so as to accomplish this purpose and to promote the same which shall be the public policy of this state.”
(Emphasis added.) The term “criminal activities” is defined in § 15-18-66, Ala.Code 1975, as “[a]ny offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant.” “However, before there can be any recovery, the criminal activity must be the proximate cause of the pecuniary loss, damage, or injury.” Moore v. State, 706 So.2d 265, 267 (Ala.Crim.App.1996). Therefore, under Alabama’s restitution statute, Lamar could be ordered to pay restitution to the victims of his crime only if one of two conditions existed: (1) his victims suffered any direct or indirect pecuniary losses as a result of the activity for which he has been convicted or, (2) Lamar admitted to other criminal conduct during these proceedings that was the proximate cause of any injuries to the victims.
On March 17, 1997, Lamar pleaded guilty to the offense of leaving the scene of an accident, defined in § 32-10-l(a) as follows:
“The driver of any motor vehicle involved in an accident resulting in injury to or the death of any person, or in damage to a motor vehicle or other vehicle which is driven or attended by any person, shall immediately stop such vehicle at the scene of such accident or as close thereto as possible and shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 32-10-3. Every such stop shall be made without obstructing traffic more than is necessary.”
*578 This court has previously concluded in Mayfield v. State, 545 So.2d 89, 91 (Ala.Crim.App.1988), rev’d on other grounds, 545 So.2d 92 (Ala.1988), that § 32-10-1 requires the driver of a vehicle involved in an accident of the type described in that section to comply with the requirements of § 32-10-2, Ala.Code 1975, rather than § 32-10-3, as the statute states. Section 32-10-2 requires the following:
“The driver of any motor vehicle involved in an accident resulting in injury to or the death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving, shall upon request exhibit his driver’s license to the person struck or the driver or occupant of or person attending any motor or other vehicle collided with or damaged and shall render to any person injured in such accident reasonable assistance, including the transportation of, or the making of arrangements for the transportation of such person to a physician or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such transportation is requested by the injured person.”
By pleading guilty to the offense defined above, Lamar admitted that he had been involved in an accident where physical injury or property damage occurred and that he had failed to immediately stop and remain at the scene. Lamar also pleaded guilty to failing to provide his name, address, and registration number to the other drivers and to failing to offer reasonable assistance to persons injured at the scene of the accident. The crime of “leaving the scene” does not require that the defendant cause the accident; it requires only that he be involved in the accident. See Ex parte Mayfield, 545 So.2d 92, 93 (Ala.1988) (holding that the purpose of the “leaving-the-scene” statute is to impose “multiple duties upon the driver of a motor vehicle involved in an accident resulting in personal injury or in property damage to another vehicle that is driven or attended by any person”). The trial court could order Lamar to pay restitution only for the pecuniary losses his victims sustained as a result of the offense to which he pleaded guilty. See Martin v. State, 705 So.2d 876, 878 (Ala.Crim.App.1997) (holding that “[a] guilty plea is an admission of all elements of the offense”); Culp v. State, 710 So.2d 1357, 1359 (Ala.Crim.App.1996). Lamar’s plea of guilty to the offense defined in §§ 32-10-1 and 32-10-2 did not result in a conviction for causing the accident that resulted in the injuries to Sellers and her son, and, therefore, his guilty plea could not authorize the trial court to sentence him to pay restitution for injuries sustained as a result of the accident. See Day v. State, 557 So.2d 1318, 1319 (Ala.Crim.App.1989) (holding that an order of restitution is inappropriate for injuries the victim suffers as a result of “conduct that was not the subject of the defendant’s prosecution and for which a subsequent prosecution would be necessary”).
The trial court could also have ordered Lamar to pay restitution for “any other criminal conduct” he admitted during these proceedings that was the proximate cause of the victims’ injuries. See § 15-18-66. However, at no point during the plea colloquy, the sentencing hearing, or the restitution hearing did Lamar ever admit to having caused the accident resulting in the victims’ injuries.[1] Although evidence was presented during both the *579 sentencing and restitution hearings that Lamar had caused the accident because he was speeding and he struck a turning vehicle, Lamar himself never made such an admission. Under the plain language of § 15-18-66, restitution can be ordered only for “other criminal conduct” that is admitted by the defendant. This court has previously held that an admission, as defined in § 15-18-66, requires “a judicial admission sufficient to support a conviction before restitution can be ordered.” Day v. State, supra, at 1319. Therefore, the trial court had no statutory authorization to order Lamar to pay restitution to Sellers and her son for the injuries they sustained during the accident, because Lamar never admitted any conduct that could be said to be the proximate cause of their injuries.
Based upon the foregoing, the trial court’s order that Lamar pay restitution in the amount of $25,000 for the injuries Sellers and her son sustained as a result of the accident is reversed, and the case is remanded for the trial court to amend its judgment accordingly.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, J., concur; WISE, J., concurs specially, with opinion, joined by BASCHAB, J.

. On May 19, 2000, pursuant to Rule 10(g), Ala.R.App.P., this court ordered the circuit court to supplement the record with a copy of the plea agreement and a transcript of the guilty plea proceedings.