WISE, Presiding Judge.
 

 The appellant, Radford Dawson, entered a guilty plea to second-degree criminal trespass, a violation of § 13A-7-3, Ala. Code 1975. The trial court sentenced him to serve a term of thirty days in the county jail. After conducting a restitution hearing, the trial court ordered Dawson to pay $644.70 in restitution. This appeal followed.
 

 During the guilty plea proceedings, Dawson admitted that, on May 11, 2009, he was on someone’s real property on Lexington Road, that the property was fenced, and that he was there without the homeowner’s permission. After Dawson entered his guilty plea, the State asserted that Dawson had attempted to enter the victim’s house that was located on the property; that a rear window of the house
 
 *995
 
 had been damaged; that, because the house was in a historic district, the window could not be repaired and had to be replaced; and that the victim was requesting $664.70 in restitution. Defense counsel objected and asserted that Dawson was charged with criminal trespass rather than criminal mischief or burglary and that Dawson had not admitted that he had tried to enter the house. At that time, the trial court gave the parties time to provide case-law on the issue.
 

 Subsequently, the trial court conducted a restitution hearing. During the hearing, defense counsel argued that no witnesses saw Dawson break anything; that the witness in this case said Dawson was in the backyard of the property; that Dawson was originally charged with possession of burglar’s tools; that the case went through the grand jury, and “the only thing they can prove is he trespassed on the property”; and that Dawson was indicted for the misdemeanor offense of trespassing. (R. 28.)
 

 During the hearing, the victim testified that he lived in the house in question; that he was at the house every day; that, on the day in question, he left to pick up his granddaughter from school; that he received a telephone call about someone trying to break into his house; that he went back to his house; that, when he got back, law enforcement officers had a man in a vehicle; that the officers took him around the back; that he saw where someone had tried to pry open the window; that the person had broken the frame across the bottom of the window; and that the window was not like that when he left his house.
 

 Dawson argues that the trial court abused its discretion when it ordered him to pay $644.70 in restitution for damage to the window. Specifically, he contends that the criminal conduct for which he was convicted was not the proximate cause of the damage to the window and that he did not admit to other criminal conduct that was the proximate cause of the damage to the window.
 

 In
 
 Best v. State,
 
 895 So.2d 1050, 1054-56 (Ala.Crim.App.2004), this court discussed the imposition of restitution as follows:
 

 “Section 15-18-65, Ala.Code 1975, states, in pertinent part:
 

 “ ‘[I]t is essential to be fair and impartial in the administration of justice, that
 
 all perpetrators of criminal activity or conduct be required to fully compensate all victims of such conduct or activity for any pecuniary loss, damage or injury
 
 as a
 
 direct or indirect result thereof’
 

 “(Emphasis added.) Section 15-18-66(1), Ala.Code 1975, defines ‘criminal activity’ as ‘[a]ny offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant.’
 

 “In
 
 Strough v. State,
 
 501 So.2d 488, 491 (Ala.Crim.App.1986), this Court stated that ‘[bjefore a defendant can be held liable for damages, it must be established that his criminal act was the proximate cause of the injury sustained by the victim.’
 

 “In
 
 Day v. State,
 
 557 So.2d 1318, 1319 (Ala.Crim.App.1989), this Court stated:
 

 “ ‘In the instant case, appellant was ordered to pay restitution to Patterson after being convicted of the attempted murder of Johnson, an offense which was not alleged in the indictment or proven at trial to be the cause of Patterson’s injury. “Before a defendant can be held liable for damages, it must be established that his criminal act was the proximate cause of the injury sustained....”
 
 Strough v. State,
 
 501 So.2d 488, 491 (Ala.Cr.
 
 *996
 
 App.1986). While there was some evidence in the record tending to show that appellant did cause Patterson’s injury, he was not on trial here for causing her injury, nor had he been convicted of causing her injury....
 

 “ ‘If it could be said that Patterson’s injury arose from appellant’s attempted murder of Johnson, for which he was convicted, then she could properly be characterized as a victim, and restitution to her would be proper.
 
 However, when one suffers a loss which 'resulted from conduct that was not the subject of the defendant’s prosecution and for which a subsequent prosecution would be necessary to determine the defendant’s criminal liability, if any, we hold that an order of restitution to that person is no more appropriate than would be the sentencing of the defendant to a term of imprisonment without first affording him the basic constitutional guarantees of a trial and verdict on those charges.
 
 Appellant should not have been ordered to pay restitution to Patterson.’
 

 “In
 
 Brothers v. State,
 
 531 So.2d 317, 318 (Ala.Crim.App.1988), this Court stated:
 

 “‘The appellant was indicted for burglary in the third degree, theft of property in the first degree, and arson in the second degree. He pleaded guilty to burglary in the third degree and theft of property in the first degree, with the arson charge being continued under the condition that the charge would be dismissed if the appellant pleaded guilty to the other offenses and did not appeal. The appellant was sentenced to life imprisonment pursuant to the Habitual Felony Offender Act and was ordered to pay restitution for the full replacement value of the house and its contents which were destroyed in the fire resulting from the arson.
 

 “ T
 

 “ ‘The appellant alleges that the trial court erred in ordering him to pay restitution for damage to the property caused by arson when he was not convicted of arson and did not admit that his criminal activity resulted in the damage which was caused by the arson....
 

 [[Image here]]
 

 “ ‘The State argues that the damage caused by the arson was an “indirect result” of the appellant’s criminal activity.
 

 [[Image here]]
 

 “ ‘The appellant did not admit committing arson, nor was he convicted of committing arson. This case is distinguishable from
 
 Ex parte Clare,
 
 456 So.2d 357 (Ala.1984). The appellant in
 
 Clare
 
 was ordered to pay restitution for monies embezzled in an amount greater than that involved in the indictment. However, she admitted embezzling monies which rightfully belonged to her employer and was convicted of embezzling.
 

 “ ‘The burning of the victim’s house was not an indirect result of the theft or burglary under § 13A-2-5, Code of Alabama (1975)....
 

 [[Image here]]
 

 “ ‘Clearly the appellant’s acts of breaking and entering and committing theft were not the cause of the burning of the victim’s house; rather, the act of committing arson was the cause. The burning of the house would not have been within the contemplation of the appellant in committing burglary or theft. Therefore, the trial court erred in ordering the appellant to pay
 
 *997
 
 restitution for the property damaged by the arson.’
 

 “In
 
 Lamar v. State,
 
 803 So.2d 576 (Ala.Crim.App.2001), this Court reversed the trial court’s restitution award of $25,000 to Rosalyn Sellers and her son for injuries they had sustained in an automobile accident. Lamar had entered a guilty plea to the offense of leaving the scene of an accident, a violation of § 32-10-1, Ala. Code 1975, and he argued on appeal that ‘the circuit court improperly ordered him to pay restitution because, he argue[d], the injuries the victims sustained were not “proximately caused” by his leaving the scene.’
 
 Lamar,
 
 803 So.2d at 577. In our opinion reversing the trial court’s restitution award, this Court stated:
 

 “ ‘The term “criminal activities” is defined in § 15-18-66, Ala.Code 1975, as “[a]ny offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant.” “However, before there can be any recovery, the criminal activity must be the proximate cause of the pecuniary loss, damage, or injury.”
 
 Moore v. State,
 
 706 So.2d 265, 267 (Ala.Crim.App.1996). Therefore, under Alabama’s restitution statute, Lamar could be ordered to pay restitution to the victims of his crime only if one of two conditions existed: (1) his victims suffered any direct or indirect pecuniary losses as a result of the activity for which he has been convicted or, (2) Lamar admitted to other criminal conduct during these proceedings that was the proximate cause of any injuries to the victims.
 

 [[Image here]]
 

 “ ‘... The crime of “leaving the scene” does not require that the defendant cause the accident; it requires only that he be involved in the accident.... The trial court could order Lamar to pay restitution only for the pecuniary losses his victims sustained as a result of the offense to which he pleaded guilty.... Lamar’s plea of guilty to the offense defined in §§ 32-10-1 and 32-10-2 did not result in a conviction for causing the accident that resulted in the injuries to Sellers and her son, and, therefore, his guilty plea could not authorize the trial court to sentence him to pay restitution for injuries sustained as a result of the accident. See
 
 Day v. State,
 
 557 So.2d 1318, 1319 (Ala.Crim.App.1989) (holding that an order of restitution is inappropriate for injuries the victim suffers as a result of “conduct that was not the subject of the defendant’s prosecution and for which a subsequent prosecution would be necessary”).
 

 “ ‘The trial court could also have ordered Lamar to pay restitution for “any other criminal conduct” he admitted during these proceedings that was the proximate cause of the victims’ injuries. See § 15-18-66. However, at no point during the plea colloquy, the sentencing hearing, or the restitution hearing did Lamar ever admit to having caused the accident resulting in the victims’ injuries. Although evidence was presented during both the sentencing and restitution hearings that Lamar had caused the accident because he was speeding and he struck a turning vehicle, Lamar himself never made such an admission. Under the plain language of § 15-18-66, restitution can be ordered only for “other criminal conduct” that is admitted by the defendant. This court has previously held that an admission, as defined in § 15-18-66, requires “a judicial admission sufficient to support a conviction before restitu
 
 *998
 
 tion can be ordered.”
 
 Day v. State,
 
 supra, at 1319. Therefore, the trial court had no statutory authorization to order Lamar to pay restitution to Sellers and her son for the injuries they sustained during the accident, because Lamar never admitted any conduct that could be said to be the proximate cause of their injuries.’
 

 “Lamar,
 
 803 So.2d at 577-79 (footnote omitted).
 

 “In the present case, Best was convicted of receiving stolen property, i.e., Garrick’s 1988 Dodge pickup truck. There were no allegations or proof that Best ever had possession of Garrick’s personal property. In fact, as previously noted, Garrick admitted at the sentencing hearing that he ‘really [didn’t] know if Mr. Best ever had those items’ in his possession. (R. 181.) At the sentencing hearing, Best stated that ‘[t]he truck was given to [him] for drugs ... [that he] gave [Garrick’s] wife drugs to use the truck’ and that ‘on this date, February the 7th, [he] gave her some crack cocaine for the truck.’ (R. 186-87.)
 

 “In light of the foregoing, the trial court improperly ordered Best to pay restitution to Garrick in the amount of $3,300 for his missing personal property.”
 

 (Emphasis added.)
 

 In this case, Dawson entered a guilty plea to second-degree criminal trespass.
 

 “A person is guilty of criminal trespass in the second degree if he knowingly enters or remains unlawfully in a building or upon real property which is fenced or enclosed in a manner designed to exclude intruders.”
 

 § 13A-7-3(a), Ala.Code 1975. Causing damage to the victim’s property was not an element of the offense of second-degree criminal trespass. Also, neither the indictment nor the factual basis for Dawson’s guilty plea included any allegations that Dawson had damaged the victim’s property. Additionally, the damage to the window was not caused by the conduct that was the subject of Dawson’s prosecution— i.e., Dawson entering the victim’s fenced property. Rather, a subsequent prosecution would have been necessary to determine whether Dawson was criminally liable for damage to the victim’s window. Therefore, Dawson’s criminal conduct in this case was not the proximate cause of the damage to the victim’s window. Further, Dawson did not, at any time during the proceedings, admit that he caused the damage to the victim’s window. Therefore, the trial court erred when it ordered Dawson to pay restitution for damage to the window. Accordingly, we reverse the trial court’s judgment and remand this case for the trial court to set aside its restitution order in this case.
 

 REVERSED AND REMANDED.
 

 WELCH, WINDOM, KELLUM, and MAIN, JJ., concur.