On Return to Remand 
*

JOINER, Judge.
Alan Dwight Heupel pleaded guilty to second-degree theft. See § 13A-8^1, Ala. Code 1975. Heupel was sentenced, pursuant to a plea agreement, to 10 years’ imprisonment, to be served through Franklin County Community Corrections, and ordered to pay a crime-victim-compensation assessment.[1] The circuit court ordered *697 Heupel, following a restitution hearing, to pay restitution in the amount of $8,215.50, paid at a rate of $200 per month. Heupel appeals from the circuit court’s order of restitution. We reverse and remand.
In 2010, Heupel was hired to be a caretaker for Lorenzo Overton, who was in declining health; while Heupel was serving as Overton’s caretaker, a .38 caliber pistol was discovered missing from Overton’s house by Overton’s daughter, Patricia Montgomery. It was later determined that Heupel had attempted to sell the gun to Billy Wilson, and Heupel later admitted to Greg Pickard that he had stolen the gun.
Heupel was indicted for second-degree theft and on February 8, 2012, pleaded guilty to the offense as charged in the indictment.[2] The circuit court left the issue of restitution open to be settled at a later date. On March 20, 2012, the circuit court held a restitution hearing and entered an order directing Heupel to pay restitution of $3,215.50.
On appeal, Heupel argues that the circuit court abused its discretion when it ordered him to pay restitution in the amount of $3,215.50. Specifically, he says that $1,828.00 represented “cash taken from victim” for which he was not convicted. (Heupel’s brief, p. 6.)
Regarding a challenge to the amount of restitution ordered by the circuit court, the Alabama Supreme Court has held:
“ ‘The particular amount of restitution is a matter which must of necessity be left almost totally to the discretion of the trial judge.’ Clare v. State, 456 So.2d 355, 356 (Ala.Crim.App.1983), ajfd, 456 So.2d 357 (Ala.1984). Moreover, the exercise of ‘[t]hat discretion should not be overturned except in cases of clear flagrant abuse.’ Id.”
Ex parte Stutts, 897 So.2d 431, 433 (Ala.2004).
The State contends, in its brief, that Heupel failed to preserve his argument for review because, it says, “[h]e failed to obtain an adverse ruling from the trial court on the claim.” (State’s brief, p. 7.) We disagree.
It is well established that
“[reserving the right to appeal an issue is not the equivalent of preserving an issue for appellate review. To preserve an issue for appellate review, the issue must be timely raised and specifically presented to the trial court and an adverse ruling obtained. The purpose of requiring an issue to be preserved for review is to allow the trial court the first opportunity to correct any error. See, e.g., Ex parte Coulliette, 857 So.2d 793 (Ala.2003).”
*698 Knight v. State, 936 So.2d 544, 547 (Ala.Crim.App.2005).
The State contends that Heupel “failed to properly preserve the claim in the trial court. Heupel did not make an objection on this ground during the restitution hearing, particularly when the victim was testifying concerning other items and cash that she .determined were stolen by Heupel, in addition to the gun.” The record indicates, however, that Heupel objected to the amount continuously and specifically throughout the restitution hearing. Specifically, the following exchange took place:
“[DISTRICT ATTORNEY]: And, so, now, there was a lot of items I know that weren’t listed in the indictment that were also — that you turned' in to your insurance coverage; is that right?
“[WITNESS]: Yes.
“[DISTRICT ATTORNEY]: And were those items—
“[COUNSEL FOR HEUPEL]: Your Honor, I would object on the grounds of relevance. The indictment references a stolen gun, and I think what we’re getting into is restitution amount for items above and beyond this gun.
“THE COURT: Overruled.
[[Image here]]
“[DISTRICT ATTORNEY]: Okay. And was there some large amounts of cash that were also missing?
“[WITNESS]: Yes.
“[COUNSEL FOR HEUPEL]: Objection, Your Honor. Same grounds; relevancy.
“THE COURT: Overruled.”
(R. 12.) The trial court’s overruling of Heupel’s objections was an adverse ruling, and Heupel in fact preserved this issue for review.[3]
The State contends that “even if preserved, the claim is without merit and Heupel should be denied relief from this Court on this basis as well.” (State’s brief, p. 10.) The State cites the plea agreement signed by Heupel, in which he agreed “to pay full restitution as ordered by [the] court.”
*699 The State cites Ex parte Killough, 434 So.2d 852 (AIa.1983), to support its contention. We are not persuaded that Killough is controlling. In Killough, the issue presented was “whether a defendant who pleads guilty to an indictment can be required, as a condition of probation, to make restitution in an amount greater than that alleged in the indictment.” 434 So.2d at 852-53. Here, however, no restitution amount was set forth in the indictment; rather, it was left open. Further, Killough did not present the specific issue that is raised in the present case. The defendant in Killough does not appear to have argued that he had been ordered to pay restitution for crimes he did not commit; rather, he argued that restitution could not exceed the amount set forth in the indictment, and he challenged the conditioning of probation upon the payment of restitution. Here, Heupel challenges a portion of the restitution award on the basis that (1) it was not proximately caused by the crime Heupel pleaded guilty to and (2) it is based solely on a crime that Heupel did not plead guilty to or otherwise admit to. Therefore, Killough is inappo-site.
It is well established that a defendant can be required to pay restitution only if one of two conditions exists.
“[U]nder Alabama’s restitution statute, the defendant could be ordered to pay restitution to the victim of his crime only if one of two conditions existed: (1) his victim suffered direct or indirect pecuniary loss as a result of the criminal activity of which the defendant has been convicted, or (2) he admitted to other criminal conduct during the proceedings that was the proximate cause of the victim’s pecuniary loss or damages.”
B.M.J. v. State, 952 So.2d 1174, 1176 (Ala. Crim.App.2006). See also Lamar v. State, 803 So.2d 576 (Ala.Crim.App.2001). Furthermore, as this Court stated in Grace v. State, 899 So.2d 302, 308 (Ala.Crim.App.2004), in addressing Alabama’s restitution statute:
“ ‘[I]t is well established that criminal statutes should not be “extended by construction.” ’ Ex parte Evers, 434 So.2d 813, 817 (Ala.1983). ‘“[Criminal statutes must be strictly construed, to avoid ensnaring behavior that is not clearly proscribed.” ’ United States v. Bridges, 493 F.2d 918, 922 (5th Cir.1974).” Carroll [v. State ], 599 So.2d [1253] at 1264 [ (Ala.Crim.App.1992) ].’ ”
In Strough v. State, 501 So.2d 488, 491 (Ala.Crim.App.1986), this Court stated that “[b]efore a defendant can be held liable for damages, it must be established that his criminal act was the proximate cause of the injury sustained by the victim.” In Day v. State, 557 So.2d 1318, 1319 (Ala.Crim.App.1989), this Court stated:
“In the instant case, appellant was ordered to pay restitution to Patterson after being convicted of the attempted murder of Johnson, an offense which was not alleged in the indictment or proven at trial to be the cause of Patterson’s injury. ‘Before a defendant can be held liable for damages, it must be established that his criminal act was the proximate cause of the injury sustained .... ’ Strough v. State, 501 So.2d 488, 491 (Ala.Crim.App.1986). While there was some evidence in the record tending to show that appellant did cause Patterson’s injury, he was not on trial here for causing her injury, nor had he been convicted of causing her injury....
“If it could be said that Patterson’s injury arose from appellant’s attempted murder of Johnson, for which he was convicted, then she could properly be characterized as a victim, and restitution to her would be proper. However, when one suffers a loss which resulted from conduct that was not the subject of the defendant’s prosecution and for which a *700 subsequent prosecution would be necessary to determine the defendant’s criminal liability, if any, we hold that an order of restitution to that person is no more appropriate than would be the sentencing of the clefendant to a term of imprisonment without first affording him the basic constitutional guarantees of a trial and verdict on those charges. Appellant should not have been ordered to pay restitution to Patterson.”
(Emphasis added.)
Here, as in Day, the State has failed to show that Heupel’s theft of the gun was the proximate cause of the missing cash. Further, Heupel did not admit to theft of the currency. Therefore, the trial court abused its discretion when it ordered Heupel to pay restitution in the amount of $1,828, which was the amount of cash alleged to be missing.
In light of the foregoing, the circuit court improperly ordered Heupel to pay restitution for the missing cash. Consequently, we reverse that part of the circuit court’s restitution order requiring Heupel to pay $1,828 for the missing cash, and we remand this case for the circuit court to vacate that part of its order not in compliance with this opinion. Due return shall be made to this Court within 42 of the date of this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS. **
WINDOM, P.J., and WELCH, KELLUM, and BURKE, JJ., concur.

 Note from the reporter of decisions: On July 26, 2012, the Court of Criminal Appeals issued an order remanding this case to the trial court, with instructions. On August 15, 2012, the trial court filed a return to the Court of Criminal Appeals’ remand order. This opinion followed.

. The circuit court initially imposed a $25 crime-victim-compensation assessment. Section 15-23-17, Ala.Code 1975, mandates that, "[i]n addition to the imposition of any other *697 costs, penalties, or fines imposed pursuant to law, any person convicted or pleading guilty to a felony ... shall be ordered to pay a victim compensation assessment of not less than fifty dollars ($50), nor more than ten thousand dollars ($10,000), for each felony for which the person was convicted or adjudicated ... when the court orders that costs be paid.” We remanded this case on July 26, 2012, for the circuit court to impose the correct amount. On remand, the circuit court complied with our instructions.

. The indictment states:
"The Grand Jury of Franklin County charges, before the finding of this indictment, Alan Dwight Heupel, whose name is otherwise unknown to the Grand Jury than as stated, did knowingly obtain or exert unauthorized control over a firearm, rifle or shotgun, to-wit: a 38 revolver, the property of Lorenzo Overton and/or Patricia Montgomery, with the intent to deprive the owner of said firearm, rifle or shotgun, in violation of 13A-8-4 of the Code of Alabama, against the peace and dignity of the State of Alabama.”

. Normally, a defendant must express intention before the guilty plea to properly reserve the issue in question. It is well settled that
"[t]o reserve an issue for review, a defendant must express his or her intention, before the guilty plea is entered, to appeal the issue in question. Because a guilty plea waives all nonjurisdictional defects occurring before the entry of the plea, by entering a guilty plea a defendant is presumed to have abandoned all nonjurisdictional defects that occurred before the plea unless he or she expressly conditions the plea on the right to appeal the issue in question by expressly reserving it before entiy of the plea. See, e.g., Prim v. State, 616 So.2d 381 (Ala.Crim.App. 1993). Reserving an issue for appeal avoids the waiver effect of the guilty plea, but it does not preserve the issue for appellate review. Thus, in the guilty-plea context, an issue relating to a defect occurring before the entry of the plea must be both preserved by a timely and specific motion and/or objection and an adverse ruling from the trial court and reserved for appeal before the entry of the plea.”
Knight v. State, 936 So.2d 544, 547 (Ala.Crim. App.2005). Here, it would have been impractical for Heupel to raise the issue of restitution before his guilty plea because the issue of restitution was set for a later date. After the circuit court’s order of restitution, Heupel filed a "motion to reconsider restitution” and a "motion to clarify victim owed restitution.” (C. 13, 20.) Furthermore, this Court has recognized that an order on restitution entered after conviction and sentencing is separately appealable to this Court. See Jolly v. State, 689 So.2d 986 (Ala.Crim.App.1996) (restitution order entered 23 months after sentence pronounced was appealable to this Court). The circuit court did not rule on either motion for reconsideration of the restitution award. Even so, the court’s denial of Heu-pel's objections pertaining to the relevance of the alleged cash taken preserved this issue for review.

 Note from the reporter of decisions: On November 30, 2012, on return to remand, the Court of Criminal Appeals affirmed, without opinion.